UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ESTATE OF MARTHA GAIL PRATT,**
by Jeffrey Williams as the Independent Administrator,

      **Plaintiff,**

      -vs-                                    Case No. 12-C-1150

**ROEHL TRANSPORT INC.,** and
**JAMES ROBERT HENDLEY,**

      **Defendants.**

## DECISION AND ORDER

Currently pending is a motion to compel (ECF No. 16) filed by the Plaintiff, the Estate of Martha Gail Pratt by Jeffrey Williams as the independent administrator (the "Estate"), with respect to Defendant James Robert Hendley's ("Hendley") discovery responses. Since its filing the motion has been narrowed. The sole issue for the Court is whether photographs and measurements taken by two defense consultants, Robert Kocher ("Kocher") and Custard Insurance Adjuster Charles Oglesby ("Oglesby") shortly after the accident that killed Martha Gail Pratt ("Pratt") are subject to production.

Hendley contends the materials are not subject to production because they are protected work product. The Estate contests the contention, asserting the materials were not prepared in anticipation of litigation and, regardless, the Estate has substantial need for the material because reconstruction of the accident scene will be critical in this case and there is no substitute for the photographs and measurements from the scene. The

Estate also indicates that the police department's measurements of the scene have been destroyed.

The work product doctrine provides qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, or other representative of the party. The work product doctrine is a product of the Supreme Court decision *Hickman v. Taylor,* 329 U.S. 495 (1947) that was later codified in Federal Rule of Civil Procedure 26. That rule provides that ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that when a party withholds requested discovery materials on the basis of attorney-client privilege or work-product immunity, the party must "make the claim expressly and shall describe the nature of documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." When a party fails to comply with the requirements of Rule 26(b)(5), the asserted privilege may be waived.

Hendley has not provided a privilege log. Its statement that the photographs and measurements of the scene are work product provides no description of the photographs

or measurements, or how many photographs and measurements were obtained. By failing to provide a privilege log, Hendley has waived the work-product protections.

Moreover, "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials . . . with the work product privilege; the privilege is not that broad." *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976-77 (7th Cir. 1996) (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983)). Rather, the question is whether in light of the factual context "the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 977-78 (quoting *Binks*, 709 F.2d at 1119.) In *Logan,* the appeals court emphasized that "[w]hile much of the paperwork generated by insurance companies is prepared with an eye toward a possible legal dispute over a claim, it is important to distinguish between 'an investigative report developed in the ordinary course of business' as a precaution for the 'remote prospect of litigation' and materials prepared because 'some articulable claim, likely to lead to litigation . . . ha[s] arisen.'" *Id*. at 977 (quoting *Binks*, 709 F.2d at 1120).

Hendley has not established that the photographs and measurements were obtained in anticipation of litigation. They were obtained the day of the accident. Consultant Kocher, an engineer, arrived at the accident scene after the police but before defense attorney David Harvey ("Harvey"). (Harvey Aff. Opp'n Mot. Compel. (Ex. B) ¶¶ 4, 8.) (ECF No. 19-2.) Oglesby arrived after Harvey. (*Id*. at ¶¶ 5, 8.) When Harvey arrived at the accident scene, the decedent's bicycle and the Roehl truck had been moved off the street and the scene was being hosed down. (*Id*. at ¶ 7.) At the time, the accident

Case 2:12-cv-01150-PP   Filed 08/15/13   Page 3 of 4   Document 27

victim was unidentified.

Hendley has not established that the attorney and consultants for Roehl were at the scene gathering information "because of some articulable claim, likely to lead to litigation." See *Logan*, 96 F.3d at 977. Additionally, the Estate has demonstrated that it has a substantial need for the measurements possessed by Hendley because the other measurements obtained by the police no longer exist. For the foregoing reasons, the Estate's motion to compel the production of the photographs and measurements is granted. The subject photographs and measurements are subject to immediate production.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Estate's motion to compel the production of the photographs and measurements (ECF No. 16) is **GRANTED**. The subject photographs and measurements are subject to immediate production.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2013.

                                                 **BY THE COURT:**

                                                 *[signature]*
                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**